## Case No. 16,576.

### UNITED STATES v. TWO CASES OF WOOLENS.

[5 Hunt, Mer. Mag. 171.]

Circuit Court, S. D. New York. April Term, 1841.

CUSTOMS DUTIES—UNDERVALUATION—MARKET PRICE.

[On a proceeding to forfeit goods as having been invoiced at less than their actual cost at the place of exportation, the market price at that place at the time is admissible as the surest test of the honesty of the transaction.]

[In error to the district court of the United States for the Southern district of New York.]

BY THE COURT (THOMPSON, Circuit Justice). This was a writ of error to the district court, upon a judgment acquitting the goods. The information charged the goods with having been invoiced at less than their actual cost at the place of exportation. On the trial, evidence was given of their actual purchase at the invoice price; but this was contested by evidence on the part of the United States. The claimant then showed the current market value at the time and place of exportation. The United States attorney insisted that, if the jury were not satisfied of the actual purchase on the terms set up by the claimant, they should find against the claimant, and could not look at the actual general market value. The judge, however,

charged that they might look to the actual market value. And this is the error complained of.

The actual cost was no doubt in issue. There was no question as to the admissibility of evidence of the actual market value. The question was as to the mode in which the jury should consider it; and upon this the decision of the district judge was correct. The evidence was relevant to the issue. Unless the actual seller can always be produced, it may be impossible to give proof of actual cost; it may be impossible to produce the witnesses actually present at the sale. The market price is the surest test of the fairness and honesty of the transaction, and of the question whether the price in the invoice was probably the price really paid. It would be a very harsh rule to lay down that no other evidence would suffice but that of actual purchase. Judgment affirmed.